IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Arthur Morgan, | ) | C/A No.: 1:12-2736-JMC-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Dr. D. Hammock; Janine S. Davis, Administrator, MGR II; Dr. John Solomon; and Blake Taylor, | ) ) ) ) | REPORT AND RECOMMENDATION |
| | ) | |
| Defendants. | ) ) | |

Arthur Morgan ("Plaintiff"), proceeding *pro se* and in *forma pauperis*, brought this civil rights action, which is construed as brought pursuant to 42 U.S.C. § 1983. Plaintiff alleges violations of his constitutional rights by Dr. D. Hammock, Janine S. Davis, John Solomon, and Blake Taylor while Plaintiff was incarcerated at Ridgeland Correctional Institution ("RCI") of the South Carolina Department of Corrections ("SCDC"). This matter is before the court on: (1) the motion to dismiss of Davis, Solomon, and Taylor [Entry #24]; and (2) the motion to dismiss of Hammock [Entry #28]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Plaintiff of the summary judgment procedures and the possible consequences if he failed to respond adequately to Defendants' motions. [Entry #25, #29]. The motions having been fully briefed [Entry #36], they are ripe for disposition.

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). Because the motions to dismiss are dispositive, this Report and Recommendation is

entered for review by the district judge. Having carefully considered the parties' submissions and the record in this case, the undersigned recommends the district judge grant the motions to dismiss.

I.     Factual Background

Plaintiff alleges that defendant Hammock examined his eyes on October 14, 2010 at RCI. [Entry #1 at 3]. Plaintiff claims that Hammock did not inform him that there was anything wrong with his eyes, but told Plaintiff that he would make an appointment for him to see an optometrist. *Id*. According to the complaint, defendant Davis, an administrative nurse at RCI, made the appointment, and a few weeks later Plaintiff was seen by the optometrist, who did not see anything wrong with Plaintiff's eyes. *Id*.

Plaintiff alleges that after he was released from RCI on February 1, 2011, three doctors examined his eyes and immediately informed him that he has glaucoma and is legally blind in his right eye. *Id*. at 4. Plaintiff states that on July 4, 2011, he wrote to defendant Solomon, who he alleges oversees medical staff at SCDC, and informed him of the alleged improper medical treatment he received while at RCI. *Id*. Plaintiff further alleges that in January and February 2012, he sent letters to defendant Taylor, who Plaintiff alleges oversees medical treatment of individual inmates, alleging physical, mental, and verbal abuse. *Id*.  According to the complaint, neither Solomon nor Blake responded to Plaintiff's letters.  Plaintiff brought this action on September 25, 2012, alleging Defendants did not follow their own policies, were negligent in providing him medical care, and violated his rights under the Eighth and Fourteenth Amendments. *Id*. at 5.

II.     Discussion

    A.     Standard for Motion to Dismiss

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The court is "not required to accept as true the legal conclusions set forth in a plaintiff's complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999).  Indeed, "[t]he presence of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support" the legal conclusion. *Young v. City of Mount Ranier*, 238 F.3d 567, 577 (4th Cir. 2001).  Furthermore, in analyzing a Rule 12(b)(6) motion to dismiss, a court may consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs. Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980).  However, a court may not construct a party's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417–418 (7th Cir. 1993), nor should it "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

B.  Analysis

1.  Motion to Dismiss of Davis, Solomon, and Taylor

Davis, Solomon, and Taylor argue in their motion to dismiss that Plaintiff's complaint does not contain sufficient factual allegations against them that, if accepted as true, constitute a violation of Plaintiff's constitutional rights. [Entry #24 at 2]. Specifically, Davis argues that Plaintiff's only allegation against her is that she made him an appointment to see an optometrist and that such allegation is insufficient to constitute a violation of his Eighth or Fourteenth Amendment rights. [Entry #24-1 at 2]. Solomon and Taylor argue that Plaintiff's allegations against them are limited to their alleged failure to respond to letters that he wrote after his release from SCDC custody. *Id*. at 2–3.

In response, Plaintiff argues that the motion to dismiss should be denied because: (1) Davis was in a position to have knowledge of Plaintiff's medical condition; (2) Solomon supervises medical staff; and (3) Taylor investigates alleged violations of constitutional rights and prison policies. [Entry #36]. Therefore, Plaintiff's argument rests on the alleged duties of Davis, Solomon, and Taylor in their supervisory capacities. The doctrine of *respondeat superior*, or supervisory liability, generally is inapplicable to § 1983 suits, such that an employer or supervisor is not liable for the acts of his employees, absent an official policy or custom that results in illegal action.[1] *See Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978); *Fisher v. Washington Metro. Area Transit Authority*, 690 F.2d 1133, 1142–43 (4th Cir. 1982).

---

[1] Here, Plaintiff alleges violations of prison policies [Entry #36], but does not allege a particular policy is itself illegal or results in illegal action.

4

Higher officials may be held liable for the acts of their subordinates, however, if the official is aware of a pervasive, unreasonable risk of harm from a specified source and fails to take corrective action as a result of deliberate indifference or tacit authorization. *Slakan v. Porter*, 737 F.2d 368 (4th Cir. 1984), *cert. denied*, *Reed v. Slakan*, 470 U.S. 1035 (1985). Although Plaintiff argues in his response that Davis should have known of Plaintiff's eye condition, his complaint is devoid of such factual allegations and his response provides no basis for such an assertion. [Entry #36 at 2]. Additionally, Plaintiff has provided no allegations that Solomon and Taylor knew of any alleged improper medical care and failed to take corrective action while Plaintiff was incarcerated. Plaintiff has not made any allegations that Davis, Solomon, or Taylor were personally responsible for his medical treatment. Further, Plaintiff has not shown that Davis, Solomon, or Taylor were deliberately indifferent to, or tacitly authorized, any of the actions or inactions of other employees of the prison, such as Hammock.

Additionally, Plaintiff has not alleged that Davis, Solomon, or Taylor ever provided him medical treatment such that a medical malpractice action is applicable. Although Plaintiff appears to be alleging a breach of contract claim based on alleged violations of SCDC policies [Entry #1 at 4; #1-1], Plaintiff has failed to show that such policies create a binding contract. Thus, Plaintiff has failed to set forth a claim upon which relief can be granted against Davis, Solomon, and Taylor, and the undersigned recommends they be dismissed.

2.   Motion to Dismiss of Hammock

In Hammock's motion to dismiss, counsel argues that Hammock should be dismissed as a party to this case, as he died December 1, 2011. [Entry #28-2 at 5–8].[2] "A person who dies prior to filing suit is not a legal entity." *Adelsberger v. U.S.*, 58 Fed. Cl. 616, 618 (Fed. Cl. 2003); s*ee also Mizukami v. Buras*, 419 F.2d 1319 (5th Cir. 1969) (defendant's death extinguishes claim); *Banakus v. United Aircraft Corp.*, 290 F.Supp. 259 (S.D.N.Y. 1968) (suit is a nullity where plaintiff, unbeknownst to counsel, died prior to filing of suit); *Moul v. Pace*, 261 F. Supp. 616 (D. Md. 1966) (wrongful death suit brought after defendant died dismissed); *Chorney v. Callahan*, 135 F. Supp. 35 (D.Mass. 1955) (purported action a nullity because a dead man cannot be named defendant in an action). Plaintiff did not request to amend the complaint to substitute or add Hammock's estate as a party and the estate closed on October 1, 2012. The Supreme Court of South Carolina has held that a medical malpractice action against an estate of a deceased physician cannot be brought after the estate has closed because an action against a non-existent defendant is a nullity. *McCullar v. Estate of Campbell*, 672 S.E.2d 784, 784–85 (S.C. 2009). In his response, Plaintiff provides no contrary law or basis for Hammock to remain as a party to this case. [Entry #36-1]. Therefore, the undersigned recommends Hammock's motion to dismiss be granted.

---

[2] The court takes judicial notice of the state-court probate records. *See, e.g., Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends the district judge grant the motions to dismiss of Davis, Solomon, and Taylor [Entry #24] and Hammock [Entry #28]. If the district judge accepts this recommendation, all other pending motions will be rendered moot.

IT IS SO RECOMMENDED.

August 29, 2013                                                 Shiva V. Hodges
Columbia, South Carolina                                        United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).