# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | |
|---|---|
| Arthur Morgan, | ) |
|         Plaintiff, | ) <br> ) Civil Action No.: 1:12-cv-02736-JMC |
| v. | ) <br> ) **ORDER** |
| Dr. D. Hammock; Janine S. Davis, Administrator, MGR II; Dr. John Solomon; and Blake Taylor, | ) |
|         Defendants. | ) |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report"), [ECF No. 43], filed August 29, 2013, recommending that Defendants' Motion to Dismiss [ECF Nos. 24 and 28] be granted and all other pending motions be moot. Plaintiff brought this action seeking relief pursuant to Title 42 U.S.C. § 1983, alleging violations of his constitutional rights by Defendants Dr. D. Hammock, Janine S. Davis, John Solomon, and Blake Taylor while Plaintiff was incarcerated at Ridgeland Correctional Institution ("RCI") of the South Carolina Department of Corrections ("SCDC"). The Report sets forth in detail the relevant facts and legal standards on these matters which the court incorporates herein without a recitation.

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

Plaintiff was advised of his right to file objections to the Report [ECF No. 8-8]. However,

Plaintiff filed no objections to the Report.

In the absence of objections to the Magistrate Judge's Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

After a thorough review of the Report and Recommendation and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation. [ECF No. 43]. It is therefore **ORDERED** that Defendants' Motion to Dismiss [ECF Nos. 24 and 28] are **GRANTED** and all other pending motions are **MOOT** and are **DISMISSED** *without prejudice*.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

October 9, 2013
Greenville, South Carolina